**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NORMAN D. COX JR.

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

(see attachment 1)

**COMPLAINT**

Jury Trial: ☐ Yes ☑ No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.**   **Parties in this complaint:**

A.   List your name, address and telephone number.  Do the same for any additional  plaintiffs named.  Attach additional sheets of paper as necessary.

| Plaintiff | | |
|---|---|---|
| | Name | Norman D. Cox Jr. |
| | Street Address | 212 78th Street |
| | County, City | Hudson County, North Bergen |
| | State & Zip Code | New Jersey 07047 |
| | Telephone Number | (831) 233 - 2226 |

**UNITED STATES DISTRICT COURT**                    (attachment 1)

**DISTRICT OF NEW JERSEY**

List of Plaintiff(s)

    1.  NORMAN D. COX JR.

                               Plaintiff(s).

**–  against  –**

List of Defendant(s)

1. THE MONEY SOURCE, INC.
2. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD)
3. U.S. FEDERAL HOUSING ADMINISTRATION (FHA)
4. ENDEAVOR AMERICA LOAN SERVICES
5. MIKE CRUZ dba/ ALL-AMERICAN MORTGAGE, INC.
6. MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS)
7. NRT TITLE AGENCY, LLC
8. A ABSOLUTE ESCROW SETTLEMENT COMPANY, INC.
9. STEVEN T. DEPAUL dba/ STEVEN T. DEPAUL CONSULTING dba/ NJ AAA HOME INSPECTIONS, LLC
10. MLADEN LAKIC dba/ MLADEN LAKIC, LLC
11. HELEN N. NAUM, ET AL.
12. JOSEPH P. LETO dba/ JOSEPH P. LETO ASSOCIATES, LLC
13. PAUL NAI SUH dba/ LRES CORPORATION
14. JOHN GRILLO dba/ MONTGOMERY APPRAISERS, LLC
15. FERNANDO CORTICINHO dba/ FC CERTIFIED APPRAISALS, LLC
16. JOSEPH E. CURRERI dba/ THE CURRERI GROUP, LLC
17. PABLO MARTIN dba/ MARTIN PROPERTIES, LLC
18. RYAN KNAB dba/ COLDWELL BANKER REAL ESTATE BROKERAGE
19. MICHAEL ASPRAS
20. MERCEDES C. POZO
21. VICTOR M. FALCON
22. INGRID CASSIDY dba/ COLDWELL BANKER RESIDENTIAL BROKERAGE
23. EZEQUIEL GONZALEZ dba/ REMAX VILLA REALTORS
24. PC7, LLC (UNKNOWN THIRD-PARTY)
25. TRYSTONE CAPITAL ASSETS, LLC (UNKNOWN THIRD-PARTY)
26. JOHN DOE, JANE DOE, ABC CORP.
27. ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL, EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPAINT ADVERSE TO PLAINTIFF'S TITLE THERETO; inclusive,

                               Defendant(s).

**UNITED STATES DISTRICT COURT**                    (attachment 2)
**DISTRICT OF NEW JERSEY**

<u>Attorneys for Defendants (If Known):</u>

    1)    Stern & Eisenberg, P.C.,

           1120 Route 73, Suite 400

           Mount Laurel, New Jersey 08054

           Attorney of Record: Salvatore Carollo, Esq.

           Phone: (609) 397-9200 ext. 1258

           Email: <u>JEFIS@sterneisenberg.com</u>

           Client: The Money Source Inc. (Defendant)

    2)    Christopher D. Garvin, Esq. LLC

           268 Valley Boulevard

           Wood-Ridge, New Jersey 07075

           Attorney of Record: Christopher D. Garvin, Esq.,

           Phone: (201) 804-7681

           Email: <u>CDGARVIN@cdgarvinlaw.com</u>

           Client: Michael Aspras (Defendant)

    3)    Basille, Birchwale and Pellino, LLP

           865 Broad Street

           PO Box 434

           Ridgefield, New Jersey 07657

           Attorney of Record: Albert H. Birchwale

           Phone: (201) 945-8812

           Email: <u>LAW@bbplawyers.com</u>

           Client: Helen N. Naum, et al. (Defendant)

**UNITED STATES DISTRICT COURT**                              (attachment 3)
**DISTRICT OF NEW JERSEY**

VI.    **Cause of Action:**

Cite the U.S. Civil Statute under which you are filing.
U.S. Civil Statute 28 U.S.C. § 1331, Federal Question involving U.S. Constitution
U.S. Civil Statute 28 U.S.C. § 1332, Damages demanded exceed $75,000
Due Process Clause of the Fifth and Fourteenth Amendment, U.S. Constitution
Equal Protection Clause of the Fourteenth Amendment (Sec. 1), U.S. Constitution
Supremacy Clause of Article VI, Clause 2, U.S. Constitution
Unreasonable Seizure of Property of the Fourth Amendment, U.S. Constitution
Federal False Claims Act (FCA)
Real Estate Settlement Procedures Act (RESPA) violations
Truth In Lending Act (TILA) violations
Home Ownership Equity and Protection Act of 1994 (HOEPA) violations
Consumer Fraud Act (CFA) and Unfair Deceptive Acts and Practices (UDAP)
Fair Foreclosure Act (FFA)
Fair Debt Collection Practices Act (FDCPA)

Brief description of the cause.
U.S. Constitutionality of State Statutes
Administrative Procedure Act and Review or Appeal of Agency Decision
Breach of Contract, Fiduciary Duty of FHA-Insured 203K Rehabilitation Loan
Expiration of the Statute of Limitations (6-year) to Foreclose in New Jersey
Unreasonable Seizure of Property
Common Law Fraud and False Pretenses
Negligence
Misrepresentation
Concealment
Inducement
Lack of, Standing by Defendant(s) and Jurisdiction of State Court Agency
Quiet Title
Emotional Distress

B.    List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name _____ (see attachment 4) _____
Street Address _____
County, City _____
State & Zip Code _____

Defendant No. 2

Name _____ (see attachment 4) _____
Street Address _____
County, City _____
State & Zip Code _____

Defendant No. 3

Name _____ (see attachment 4) _____
Street Address _____
County, City _____
State & Zip Code _____

Defendant No. 4

Name _____ (see attachment 4) _____
Street Address _____
County, City _____
State & Zip Code _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case  involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C.  §  1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions          ☒ Diversity of Citizenship

☐ U.S. Government Plaintiff   ☒ U.S. Government Defendant

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? (see attachment 5) _____

_____

_____

- 2 -

**UNITED STATES DISTRICT COURT**                    (attachment 4)
**DISTRICT OF NEW JERSEY**

I.    **Parties in this complaint:**

    A.  <u>Plaintiff(s)</u>

        Norman D. Cox Jr.
        212 78th Street
        North Bergen, New Jersey 07047
        HUDSON COUNTY

    B.  <u>Defendant(s)</u>

        Defendant No. 1        The Money Source, Inc.
                           3138 E. Elwood Street, Suite 200
                           Phoenix, Arizona 85034
                           MARICOPA COUNTY

        Defendant No. 2        U.S. Department of Housing and Urban Development (HUD)
                           451 7th Street, SW
                           Washington, District of Columbia 20410
                           DISTRICT OF COLUMBIA

        Defendant No. 3        U.S. Federal Housing Administration (FHA)
                           451 7th Street, SW
                           Washington, District of Columbia 20410
                           DISTRICT OF COLUMBIA

        Defendant No. 4        Endeavor America Loan Services
                           135 Maxess Road
                           Melville, New York 11747
                           SUFFOLK COUNTY

        Defendant No. 5        Mike Cruz dba/ All-American Mortgage, Inc.
                           311 Route 17 (SOUTH)
                           Paramus, New Jersey 07652
                           BERGEN COUNTY

        Defendant No. 6        Mortgage Electronic Registration System, Inc. (MERS)
                           P.O. Box 2026
                           Flint, Michigan 48501-2026
                           GENESEE COUNTY

Defendant No. 7      NRT Title Agency, LLC
55 Essex Street
Millburn, New Jersey 07041
ESSEX COUNTY

Defendant No. 8      A Absolute Escrow Settlement Company, Inc.
55 Essex Street
Millburn, New Jersey 07041
ESSEX COUNTY

Defendant No. 9      Steven T. DePaul dba/ Steven T. DePaul Consulting
dba/ NJ AAA Home Inspections, LLC
24 Michael Lane
Annandale, New Jersey 08801
HUNTERDON COUNTY

Defendant No. 10      Mladen Lakic dba/ Mladen Lakic, LLC
42 E. Westfield Avenue
Roselle Park, New Jersey 07204
UNION COUNTY

Defendant No. 11      Helen N. Naum, et al.
57 70th Street
Guttenberg, New Jersey 07093
HUDSON COUNTY

Defendant No. 12      Joseph P. Leto dba/ Joseph P. Leto Associates, LLC
6 Hamilton Avenue
Lodi, New Jersey 07644
BERGEN COUNTY

Defendant No. 13      Paul Nai Suh dba/ LRES CORPORATION
765 The City Drive, South, Suite 300
Orange, California 92868
ORANGE COUNTY

Defendant No. 14      John Grillo dba/ Montgomery Appraisers, LLC
2 E. Northfield Road
Livingston, New Jersey
ESSEX COUNTY

Defendant No. 15      Fernando Corticinho dba/ FC Certified Appraisals, LLC
P.O. Box 5513
Newark, New Jersey 07105
ESSEX COUNTY

Defendant No. 16     Joseph E. Curreri dba/ The Curreri Group, LLC
151 West Passaic Street
Rochelle Park, New Jersey 07662
UNION COUNTY

Defendant No. 17     Pablo Martin dba/ Martin Properties, LLC
c/o The Money Source, Inc.
3138 E. Elwood Street, Suite 200
Phoenix, Arizona 85034
MARICOPA COUNTY

Defendant No. 18     Ryan Knab dba/ Coldwell Banker Real Estate Brokerage
c/o The Money Source, Inc.
3138 E. Elwood Street, Suite 200
Phoenix, Arizona 85034
MARICOPA COUNTY

Defendant No. 19     Michael Aspras
214 78th Street
North Bergen, New Jersey 07047
HUDSON COUNTY

Defendant No. 20     Mercedes C. Pozo
208 78th Street
North Bergen, New Jersey 07047
HUDSON COUNTY

Defendant No. 21     Victor M. Falcon
208 78th Street
North Bergen, New Jersey 07047
HUDSON COUNTY

Defendant No. 22     Ingrid Cassidy dba/ Coldwell Banker Residential Brokerage
323 Washington Street
Hoboken, New Jersey 07047
HUDSON COUNTY

Defendant No. 23     Ezequiel Gonzalez dba/ ReMax Villa Realtors
7505 Bergenline Avenue
North Bergen, New Jersey 07047
HUDSON COUNTY

Defendant No. 24     PC7, LLC
2500 McClellan Blvd, Suite 200
Pennsauken, NJ 08109
CAMDEN COUNTY

Defendant No. 25     Trystone Capital Assets, LLC
P.O. Box 1030
Brick, New Jersey 08723
OCEAN COUNTY

**UNITED STATES DISTRICT COURT**                    (attachment 5)
**DISTRICT OF NEW JERSEY**

II.     **Basis for Jurisdiction**:

B.  U.S. Civil Statute 28 U.S.C. § 1331, Federal Question involving U.S. Constitution
Due Process Clause of the Fifth and Fourteenth Amendment, U.S. Constitution
Equal Protection Clause of the Fourteenth Amendment (Sec. 1), U.S. Constitution
Supremacy Clause of Article VI, Clause 2, U.S. Constitution
Unreasonable Seizure of Property of the Fourth Amendment, U.S. Constitution
U.S. Civil Statute 28 U.S.C. § 1332, Damages demanded exceed $75,000
Malfeasance in Office by a Judicial Official
Lack of Jurisdiction of State Court Agency
FHA-Insured 203K Rehabilitation Loan breach of contract and fiduciary duty
Expiration of the Statute of Limitations (6-year) to Foreclose in New Jersey
Lack of Standing by the foreclosing Defendant
Common Law Fraud and False Pretenses
Federal False Claims Act (FCA)
Real Estate Settlement Procedures Act (RESPA)
Truth In Lending Act (TILA)
Home Ownership Equity and Protection Act of 1994 (HOEPA)
Consumer Fraud Act (CFA) and Unfair Deceptive Acts and Practices (UDAP)
Fair Foreclosure Act (FFA)
Fair Debt Collection Practices Act (FDCPA)
Res Ipsa Loquitur Doctrine
Unclean Hands Doctrine
Tort Claims of Punitive and Compensatory Damages of more than $75,000

C.  If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _(see attachment 6)_____

Defendant(s) state(s) of citizenship _(see attachment 6)_____

## III.  Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.  Describe how <u>each</u> of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.  Where did the events giving rise to your claim(s) occur? _212 78th Street, North Bergen, New Jersey 07047 (Lot No: 9.02, Block No: 299)._____

B.  What date and approximate time did the events giving rise to your claim(s) occur? _____
_On or around Saturday, November 12, 2022 at approximately 1:00pm EST_____

_____

| What happened to you? |

C.  Facts: _(see attachment 7)_____

_____

_____

_____

_____

| Who did what? |

_____

_____

_____

| Was anyone else involved? |

_____

_____

_____

_____

| Who else saw what happened? |

_____

_____

_____

**UNITED STATES DISTRICT COURT**                                      (attachment 6)
**DISTRICT OF NEW JERSEY**

II.    **Basis for Jurisdiction**:

   C.  Plaintiff(s) state(s) of citizenship:     New Jersey, HUDSON COUNTY

      Defendant(s) state(s) of citizenship:     Arizona, MARICOPA COUNTY
                                         Washington, D.C. DISTRICT OF COLUMBIA
                                         New York, SUFFOLK COUNTY
                                        New Jersey, MULTI-COUNTY
                                       Michigan, GENESEE COUNTY
                                       California, ORANGE COUNTY

**UNITED STATES DISTRICT COURT**                          (attachment 7)
**DISTRICT OF NEW JERSEY**

III.     **Statement of Claim**:

C.   <u>Facts</u>:

<u>Defendant(s) No. 1-18 and 22-23</u>

1.  On or around November 12, 2022 Plaintiff, Norman D. Cox Jr., (referred to herein as "Plaintiff") experienced a roof leak at the subject property causing damage to the interior dwelling. Upon further investigation and removal of the affected areas, Plaintiff identified newly discovered preexisting and severe fire damages to the subject property that had to have occurred prior to the original loan agreement, mortgage and note as evidence of Defendant(s) fraud through misrepresentation, inducement and concealment, breach of contract and fiduciary duty owed and federal questions of law involving violations of the U.S. Constitution in this case stemming from the below proceedings, procedural history and statement of material facts.

2.  On or around April 02, 2014, Norman D. Cox Jr., (referred to herein as "Plaintiff") engaged Ingrid Cassidy doing business as Coldwell Banker Residential Brokerage (referred to herein as "CBRB") to broker the real estate transaction for the purchase of 212 78th Street, North Bergen in Hudson County, New Jersey, for use as his primary residence.

3.  At that same time, CBRB connected the relationship between the Plaintiff and the property's seller, Helen N. Naum, et al. (referred to herein as "Naum"), located at 212 78th Street, North Bergen, New Jersey 07047 recorded as Lot No: 9.02, Block No: 299 ("Subject Property") and her agent, Ezequiel Gonzalez doing business as ReMax Villa Realtors (referred to herein as "RMVR").

4.  On April 28, 2014 CBRB also connected the Plaintiff with Mike Cruz, doing business as All-American Mortgage Company (referred to herein as "AAM"), who assisted the Plaintiff with mortgage financing for the subject property through Endeavor America Loan Services (referred to herein as "EALS").

5.  By May 16, 2014, the Plaintiff secured preapproval for a mortgage of $345,000.00 with a 30-year fixed-rate FHA mortgage commitment facilitated by AAM and EALS.

6. This mortgage was a FHA-Insured 203(k) Rehabilitation Loan, fully guaranteed by the U.S. Department of Housing and Urban Development (referred to herein as "HUD") and the U.S. Federal Housing Administration (referred to herein as "FHA") through EALS and The Money Source, Inc. (referred to herein as "TMS").

7. Additionally, this loan product was required to be assisted and ultimately managed by a certified and licensed FHA 203(k) consultant.

8. On May 21, 2014 the Plaintiff, Norman D. Cox Jr., (buyer) and Helen N. Naum (seller) signed a contract for the property purchase at a price of $355,000.00, with CBRB and RMVR overseeing the transaction.

9. On or around May 21, 2014, AAM connected the Plaintiff to Steven T. DePaul doing business as Steven T. DePaul Consulting (referred to herein as "STDC") to assist in the rehabilitation requirements of the FHA 203(k) loan on the subject property to satisfy the requirements governed by FHA and HUD.

10. On June 12, 2014 the review of the contract and execution of the rider was conducted by Albert H. Birchwale of the law firm Basile, Birchwale and Pellino, LLP on behalf of the seller in collaboration with Frank Atcheson of the law firm Clark, Atcheson and Reisert on behalf of the buyer.

11. Around this same time, STDC connected Plaintiff to Mladen Lakic doing business as Mladen Lakic, LLC (referred to herein as "MLADEN") a New Jersey licensed FHA certified General Contractor.

12. The FHA 203(k) loan, overseen by HUD, mandated a home inspection and appraisal of the subject property before loan approval and origination.

13. Subsequently, Steven T. DePaul also introduced himself to Plaintiff as a home inspector/appraiser under the name NJ AAA Home Inspections, LLC (referred to herein as "NJ AAA").

14. On July 09, 2014 and July 16, 2014 Steven T. DePaul of NJ AAA conducted inspections/appraisals of the subject property and provided a summary report to the Plaintiff on July 20, 2014.

15. On July 30, 2014, Steven T. DePaul of STDC and Mladen Lakic of MLADEN provided the Plaintiff, Norman D. Cox Jr., with a specification of repairs report detailing the rehabilitation requirements of the 203(k) loan governed by FHA and HUD.

16. On July 31, 2014, TMS hired Joseph D. Gaeta doing business as JDG Appraisal Services, LLC (referred to herein as "JDG") to appraise the subject property assessing a value of $420,000.00.

17. On August 25, 2014 the Plaintiff accepted a contractor bid from MLADEN for the rehabilitation construction, amounting of $91,420.00.

18. On September 09, 2014 STDC submitted a letter to HUD, TMS and EALS notifying that the subject property would be uninhabitable due to the 203(k)-contruction requirements.

19. On September 10, 2014 the amended contractor agreement between the Plaintiff, Norman D. Cox Jr., and MLADEN for the 203(k) rehabilitation loan on the subject property was executed at a value of $93,610.00.

20. On November 26, 2014 the closing sale of the subject property from seller Helen N. Naum (Defendant) to buyer Norman D. Cox Jr. (Plaintiff) took place, transferring fee simple ownership free from any liens, encroachments, easements, agreements or encumbrances, at a price of $355,000.00.

21. Also, on November 26, 2014 the Plaintiff entered into a loan agreement with TMS doing business as EALS, for the principal amount of $453,632.00, which is the subject of the mortgage foreclosure action.

22. On the same day, November 26, 2014, Mortgage Electronic Registration Systems, Inc. (referred to herein as "MERS") a Delaware company acting as mortgagee and nominee for the lender TMS, assigned the mortgage, note and negotiable instrument secured by the subject property.

23. Additionally, on November 26, 2014, NRT Title Agency, LLC (referred to herein as "NRT"), and A Absolute Escrow Settlement Company, Inc. (referred to herein as "AESC"), conducted the title clearance and closing of the subject property sale.

24. On or around May 04, 2015 Defendants STDC, AAM and MLADEN successfully completed the rehabilitation requirements mandated by the FHA 203(k) loan, in accordance with FHA and HUD guidelines, relied upon by the Plaintiff.

25. All of the parties mentioned above had an ongoing fiduciary duty of care, of good faith, of loyalty, honesty and fair dealing, of disclosure, and of competence owed to the Plaintiff to fulfill the requirements of the FHA 203(k) rehabilitation loan product and act in Plaintiffs (Borrower) best interest to avoid any actions that could cause harm or injury.

26. Plaintiff challenged the validity of the loan, which warrants loan rescission due to concealment of crucial information that would have influenced Plaintiffs decision.

27. The parties provided an overly positive assessment of the property's condition to induce and influence Plaintiff into proceeding with the closing of the transaction, even though that was not accurate, and promised benefits that were not delivered.

28. The parties failed to disclose conflicts of interest involving collusion or bias that existed within the relationships of the parties to Plaintiff throughout the lifecycle of the originating loan contract.

29. The parties provided inaccurate information and misrepresentation about the property's condition, omitting critical details which impacted Plaintiffs understanding of the loan terms and the property's value affecting the loan-to-value ratio.

30. The parties engaged in unfair, deceptive, discriminative, predatory practices and failed to comply with the required standards and specific guidelines mandated by HUD and FHA.

31. Plaintiff can infer that the parties engaged in discriminatory practices that treated Plaintiff differently based on his race, ethnicity and other protected characteristics, which affected the impartiality of their services.

32. On October 14, 2016, Stern & Eisenberg, P.C., representing TMS, filed a Summons and Complaint in the Superior Court of New Jersey, Hudson County, Chancery Division, General Equity Part docket as F-028081-16.

33. On December 20, 2016 the Plaintiff was granted Default Judgment due to suspect service of process.

34. The trial court granted Final Judgment to TMS on May 11, 2017, uncontested, as the Plaintiff had relocated due to family emergencies to ALAMEDA COUNTY, California, and was unaware of the pending foreclosure action.

35. The Sheriff Writ of Execution was entered on May 11, 2017.

36. On November 26, 2017 due to ongoing litigation of the foreclosure matter between TMS and the Plaintiff, along with loss mitigation proceedings, an appraisal of the subject property was conducted by TMS agent Fernando Corticinho, doing business as FC Certified Appraisers. The appraisal assessed a property value to be between $532,000.00 - $575,000.00. Consequently, a sale was not initiated.

37. On February 06, 2018, the Plaintiff, Norman D. Cox Jr. engaged OMNI Appraisals, NOT A PARTY, to conduct an appraisal of the subject property, which valued it at a property value of $287,000.00. Consequently, a sale did not occur.

38. On May 11, 2019, the Sheriff's Writ of Execution expired because TMS did not successfully commence the sheriff's sale within New Jersey's two-year statutory time frame.

39. Shortly thereafter, on October 24, 2019, the subject property was auctioned to a third-party purchaser, Brighton Hills, LLC for $498,000.00, despite the Sheriff's Writ of Execution expiring on May 11, 2019.

40. However, the third-party purchaser, who filed a motion to set aside the sheriff sale on November 29, 2019, rescinded the sale. The trial court granted this motion around December 20, 2019, rescheduling the sheriff sale of the subject property.

41. During loss mitigation efforts on February 10, 2021, TMS agent Joseph E. Curreri doing business as The Curreri Group, LLC, conducted an appraisal of the subject property assessing a property value of $590,000.00 - $617,500.00. As such, a sale was not concluded.

42. Also during loss mitigation, on February 16, 2021 TMS agent Pablo Martin doing business as Martin Properties, LLC, conducted an appraisal, assessing a property value of $429,000.00 - $490,750.00. Again, resulting in the failure to conduct a favorable sale.

43. Subsequently, on May 20, 2022, TMS agent John Grillo doing business as Montgomery Appraisers, appraised the subject property at a value of $615,000.00.

44. On June 10, 2022, TMS agent Ryan Knab, doing business as Coldwell Banker Real Estate Brokerage, conducted an appraisal of the subject property assessing a property value of $619,000.00.

45. Throughout the process, in line with the requirements of the FHA 203(k) loan guaranteed by HUD, all parties involved in the transaction (before, during, and after loan origination) and agents of TMS had a fiduciary duty owed to the Plaintiff, Norman D. Cox Jr., to accurately evaluate the subject property's value and disclose relevant information regarding its condition.

46. On October 14, 2022, the six-year statute of limitations for foreclosure in the State of New Jersey expired, barring Defendant TMS from proceeding with the foreclosure action on the subject property.

47. Additionally, the subject property was still scheduled for sheriff sale on January 05, 2023 despite the above germane material facts.

48. On October 28, 2022 TMS agent Joseph P. Leto doing business as Joseph P. Leto Associates, LLC, conducted an "exterior only" appraisal of the subject property assessing its value at $675,000.00.

49. On or around November 12, 2022, significant water damage due to a severe roof leak at the subject property exposed previously concealed fire damages to the foundation and structure, as identified by the Plaintiff.

50. This event on November 12, 2022 revealed new evidence of fraud involving Defendant(s) TMS and its agents, as well as Defendant(s) Helen N. Naum, et al. This fraud includes misreprepresentation, inducement, concealment, misconduct, negligence, breach of the original loan contract, and breach of fiduciary duty owed to the Plaintiff.

51. On January 03, 2023 the North Hudson Regional Fire and Rescue Department (referred to herein as "NHRFR"), NOT A PARTY, provided the Plaintiff with an archived incident report detailing a fire that occurred at the subject property on January 07, 2014.

52. This incident reported on January 07, 2014 was not available in public record and was from a time when Defendant, Helen N. Naum owned the property, prior to the Plaintiff's purchase of the subject property in November 2014, prior to loan origination, and the prior to Final Judgment in the Superior Court in Hudson County, Chancery Division, General Equity Part and all proceedings thereafter.

53. A Certified Affidavit of Business Record from the General Counsel of the NHRFR supported and accompanied the fire incident report.

54. On January 05, 2023 Plaintiff filed a Chapter 13 Bankruptcy petition in hopes of relief from the bankruptcy court, which was dismissed shortly thereafter.

55. On January 23, 2023 the Plaintiff filed a instant Motion to Vacate Final Judgment with the Superior Court in Hudson County, Chancery Division General Equity Part. The grounds for this motion included fraud, statute of limitations, standing, negligence, breach of contract and fiduciary duty, jurisdiction and violations of the Plaintiff's civil rights to Due Process, Equal Protection and Property Rights as a U.S. Citizen, guaranteed by the U.S. Constitution, Supremacy Clause, Amendments and Bill of Rights.

56. On February 17, 2023, the foreclosure action was dismissed without prejudice, even though the statute of limitations had already expired on October 14, 2022.

57. Around March 01, 2023, TMS sold its interest in the mortgage, note and subject property and changed its name, rendering its standing to proceed the foreclose action invalid. This occurred without the Plaintiff's knowledge and after the statute of limitations had already expired.

58. Additionally, no assignment of the mortgage ever occurred to date while the case was dismissed, after the statute of limitations had elapsed or prior to the case reinstatement.

59. On April 07, 2023, TMS agent Paul Nai Suh doing business as LRES Corporation, conducted an appraisal of the subject property assessing a property value of $615,000.00.

60. Additionally, on April 17, 2023, TMS agent John Grillo doing business as Montgomery Appraisers conducted another appraisal of the subject property assessing a value of $575,000.00.

61. On April 18, 2023 the foreclosure action was mistakenly reinstated by the Chancery Division judge, despite the statute of limitations having expired before the case's dismissal, the trial court lacking jurisdiction and the Defendant, The Money Source Inc. ("TMS") lacking standing. Plaintiff contends this was unconstitutional.

62. Shortly thereafter, on May 04, 2023, the trial court denied the Plaintiff, Norman D. Cox Jr., an instant motion to vacate the final judgment. The date within the trial courts order was incorrect given Final Judgment occurred on May 11, 2017 but the trial judge detailed it as October 14, 2016.

63. On May 24, 2023 the Plaintiff filed a Motion for Reconsideration of the May 04, 2023 decision, which was denied on July 07, 2023. Plaintiff contends this action was unconstitutional.

64. On June 21, 2023 The Money Source, Inc. ("TMS") through its attorney Stern & Eisenberg, P.C., filed a Pluries Writ of Execution with the Clerk of the Superior Court, which the Plaintiff contends was unconstitutional.

65. On or around June 22, 2023 the General Counsel, Drew D. Krause doing business as Chasan, Lamparello, Mallon & Cappuzzo, P.C., of the North Hudson Regional Fire & Rescue Headquarters in Weehawken, New Jersey provided Plaintiff, in support of his claims of newly discovered evidence of fraud, a sworn certified

affidavit of business records of a severe fire incident that took place at the subject property on January 07, 2014.

66. On June 29, 2023, the Plaintiff filed a Motion to Quash the Pluries Writ of Execution and Stay the Sheriff sale, which was set for a hearing on July 21, 2023.

67. On July 10, 2023, the Plaintiff filed a Notice of Appeal and request for leave with the Superior Court of New Jersey Appellate Division.

68. On July 19, 2023, the Clerk of the Superior Court, the presiding Judge of the Superior Court Chancery Division, and the attorney, Stern & Eisenberg, P.C. executed the Pluries Writ for Defendant, The Money Source, Inc. ("TMS"), prior to the scheduled motion hearing and oral argument on July 21, 2023, thus requiring judicial review of the proceedings and case filings.

69. Consequently, the trial court denied the Plaintiff's Motion to Quash the Pluries Writ of Execution and Stay of the Sheriff sale on July 21, 2023 without holding a hearing or oral argument, and scheduled the sheriff sale for September 21, 2023.

70. On July 24, 2023 the Clerk of the Appellate Division filed a 1st NOA Deficiency Notice requesting an amended Notice of Appeal and Case Information Statement given Plaintiff deposited a money order with the incorrect fee amount for the initial filing.

71. Plaintiff received this notice on August 01, 2023 by USPS first class mail.

72. On or around August 15, 2023 the Plaintiff filed the amended Notice of Appeal and Case Information Statement with corrected deficiencies in the Appellate Division.

73. On August 15, 2023 the Plaintiff filed a Complaint Form with the Supreme Court of New Jersey Advisory Committee on Judicial Conduct for the misconduct demonstrated by the trial court judge during the proceedings displaying malfeasance in office.

74. The Notice of Appeal with the Appellate Division was assigned under docket A-004005-22 on September 05, 2023. The docket year identified within the docket number was inaccurate given Notice of Appeal was initiated on July 10, 2023.

75. On September 07, 2023 the Clerk of the Appellate Division filed a 2nd NOA Deficiency Notice requesting an amended Notice of Appeal and Case Information Statement given the trial court docket reflected all issues being deposed of.

76. On or around September 11, 2023 the Plaintiff filed the amended Notice of Appeal and Case Information Statement with corrected deficiencies.

77. On September 11, 2023, the Plaintiff filed an emergent application with the Appellate Division to Stay the September 21, 2023 sheriff sale pending the outcome of the appeal on its merits. The Emergent Matter Judge denied this on September 12, 2023, despite the existence of federal questions and material factual issues in the case.

78. On September 14, 2023 the Plaintiff filed a Motion to Stay the Sheriff Sale and a Request for 30-day Extension of Time for the Notice of Appeal docketing order.

79. Subsequently, on September 14, 2023, the Plaintiff filed an Emergent Matter Application with the Supreme Court of New Jersey to Stay the September 21, 2023 sheriff sale pending the outcome of the appeal on its merits. The Supreme Court Emergent Matter Judge too, denied this on September 15, 2023, despite the existence of federal legal questions in the case.

80. Also on November 14, 2023 the transcripts for trial court hearings dated April 28, 2023 and July 07, 2023 were filed upon the Appellate Division by the transcriber from Appealing Transcripts, Inc.

81. However, despite these pending legal proceedings, the sheriff sale of the subject property took place on September 21, 2023, and it was sold at auction to an unknown JOHN DOE, JANE DOE and/or ABC CORP., third-party purchaser for a value of $650,000.00. This further violated the Plaintiff's federal civil rights to Due Process, Equal Protection, and Unreasonable Seizure of Personal Property protected by the U.S. Constitution.

82. Also on September 21, 2023 the Clerk of the Appellate Division filed a 3rd NOA Deficiency Notice requesting an amended Notice of Appeal and Case Information Statement consolidating all orders of the trial court being contested given Plaintiff submitted a separate Notice of Appeal and Case Information Statement for each separate order.

83. On September 22, 2023 the Plaintiff filed the amended Notice of Appeal and Case Information Statement with corrected deficiencies.

84. Also on September 22, 2023 the Hudson County Sheriff's Business Office Foreclosure & Civil Process Department (referred to herein as "HCSD") contacted Plaintiff with a Redemption Statement of the subject property stating a payoff amount of $599,082.74.

85. On September 27, 2023 the Clerk of the Appellate Division flied a Notice of Docketing. The Notice of Appeal is still pending Notice of Scheduling and calendaring of Appellant's briefs and merits.

86. On September 27, 2023 the Clerk of the Appellate Division filed a 4th NOA Deficiency Notice requesting an amended Motion for Leave to File Appeal as Within Time even though Appellant submitted his original motion for leave with the initial Notice of Appeal and Case Information Statement on July 10, 2023 causing further undue delay upon the Plaintiff, Norman D. Cox Jr. in this action.

87. On September 29, 2023 Plaintiff Cox filed the deficiency notice corrections with an amended Certification in Support of the Motion for Leave to File Appeal Within Time and an amended Certification in Support of the Procedural History and Statements of Facts.

88. The parties engaged in fraudulent activities that materially affected the contract therefore, leading to a breach of contract.

89. The parties' breach of contract is demonstrated through misrepresentation of the loan terms, concealment of critical information, providing false information, misrepresentation of the property, and failed to accurately evaluate the subject property's value, disclose relevant information regarding its condition, disclose conflicts of interest and intentionally omitted material defects.

90. The parties misconduct should award Plaintiff punitive damages to punish the wrongdoers for particularly egregious, malicious, deceitful, reckless, fraudulent and grossly negligent conduct.

91. The parties misconduct should award Plaintiff compensatory damages for actual financial losses to compensate for emotional distress to address non-economic harms, property damage to cover the cost of replacement, and recovery of funds.

92. The parties misconduct should award Plaintiff actual and statutory damages to provide a remedy when damages are difficult to quantify for the injury, harm and losses suffered. The losses sustained by Plaintiff caused additional costs, repair expenses, legal fees, significant emotional distress and mental anguish.

93. The foreclosure procedures were conducted improperly resulting in unreasonable seizure of Plaintiffs property due to unfair and abusive practices.

94. The parties' actions included procedural irregularities, mistakes and errors, improper assignment, failure to demonstrate ownership and negligence.

Defendant No. 19 Michael Aspras of 214 78th Street, North Bergen, New Jersey 07047

95. Since purchasing the property in November 2014 until the current date, the Plaintiff has been maintaining the property, protecting his title rights and securing its boundaries in which he obtained in fee simple without encumbrances, encroachments, easements, agreements or of the like.

96. Around November 5, 2015 the Plaintiff and Defendant, Michael Aspras entered into a temporary access agreement for the subject property. This allowed the Plaintiff to assist his neighbor, Aspras, in addressing an oil tank removal and contaminated soils issue at Aspras' property located at 214 78th Street, North Bergen, New Jersey 07047.

97. The temporary access agreement permitted Water Resource Technologies, Inc., employed by Aspras, to open, excavate, dispose of oil contaminated soils, complete remediation, backfill and repair damages caused during access beneath and alongside the outer foundation walls of Plaintiff's non-shared driveway at the subject property.

98. The remediation and repair of damages to Plaintiffs driveway on behalf of Aspras and Water Resource Technologies, Inc were completed shortly thereafter, thus fulfilling the temporary access agreement.

99. On or around November 12, 2022, significant water damage due to a severe roof leak at the subject property exposed previously concealed fire damages to the foundation and structure that Plaintiff identified. And Plaintiff could not have known of this sooner with due diligence.

100.    On or around November 13, 2022 Plaintiff removed the debris, which exposed the newly discovered fire damage at the subject property, from the interior into the dedicated driveway on his fence line on the far side located closest to Aspras' property line.

101.    On November 14, 2022 Defendant, Aspras' trespassed upon Plaintiff's property, maliciously, deliberately and intentionally, and moved the garbage bags to the rear of Plaintiffs property near the garage entrance.

102.    Plaintiff verbally warned Aspras not to trespass on his property again. Thereafter, on November 16, 2022 Plaintiff then again moved the bags to the original location he last left them.

103.    On November 16, 2022 Aspras again moved the garbage to the rear of Plaintiffs property without consent and being warned that he was unauthorized.

104.     On December 10, 2022 Aspras again trespassed upon Plaintiffs driveway at the subject property moving the garbage bags a 3rd time to the rear of the subject property.

105.     As a result, on or around December 18, 2022 Plaintiff served Defendant, Aspras with a Notice to Cease and Desist for Specific Activity dated December 11, 2022 after verbal warnings to halt violating Plaintiff's property rights.

106.     Mr. Aspras in a well-known General Contractor in the North Bergen and Hudson County vicinity and therefore employed the services of his colleague(s) Michael Meyer dba Department of Health and Social Services (referred to herein as "DHSS"), Township of New Jersey outside of his official capacity.

107.     Mr. Meyer subsequently on December 22, 2022 issued a summons and fine on the subject property for "Nuisance Garbage in Driveway in violation of 2249-82."

108.     On January 19, 2023 Mr. Michael Meyer doing business as DHSS displayed nepotism in office and issued a Notice of Abatement and "lien" on the subject property.

109.     August 01, 2023 Plaintiff served Defendant, Aspras a 2nd time with the Notice to Cease and Desist for Specific Activity (with supporting documentation) and again after verbal warnings to halt violating Plaintiff's property rights.

110.     Also on that day of August 01, 2023, Plaintiff served Aspras with a Property Encroachment Letter stating that Aspras' was impeding upon the subject properties' boundary line from the fence that was misplaced years ago during the temporary access agreement when Plaintiff permitted Water Resource Technologies, Inc., employed by Aspras in 2015.

111.     On August 04, 2023 upon receipt of Plaintiffs service of the Property Encroachment Letter, Defendant, Aspras and Plaintiff, Cox had a verbal dispute regarding the property boundaries resulting in an incident report by the North Bergen Police Department (referred to herein as "NBPD").

112.     Therefore, on August 07, 2023 Plaintiff was contacted with a letter from Defendant Aspras' attorney at law Christopher D. Garvin, Esq. doing business as Christopher D. Garvin, Esq., LLC (referred to herein as "CDGE").

113.     The property boundaries are delineated within the Plaintiffs Deed and supporting 'Schedule A' filed with the Hudson County Land Records when assignment of the original mortgage and note occurred by Defendant, TMS.

Defendants have stated adverse claims against Plaintiffs title therefore, given the possibility of dispute regarding ownership, fraudulent conveyance, unrecorded interests, boundary disagreements or title defects thereof, Plaintiff requests a quiet of the title.

114.    The parties misconduct warrants tort claims and damages due to fraudulent misrepresentation knowingly, deliberately and intentionally making false statements, engaged in professional negligence, failed to exercise reasonable care, caused severe emotional distress, caused nuisance and property interference with Plaintiffs use and enjoyment of the property, and caused harm and property damage through trespass and encroachment.

## Defendants No. 20-21 Mercedes Pozo & Victor Falcon of 208 78th Street, North Bergen, NJ 07047

115.    On or around 2014/2015 the Plaintiff and his neighbors, Defendants Mercedes Pozo and Victor Falcon, entered into a verbal agreement in which with Plaintiff's consent the Defendants would assist in maintaining roughly a 30" x 100' parcel of land on the subject property located at 212 78th Street, North Bergen, NJ 07047 that is designated as a access walkway to the Plaintiffs side and rear of the subject property adjacent to Defendant's driveway at 208 78th Street, North Bergen, NJ 07047.

116.    The property boundaries are specified within Plaintiffs Deed and supporting 'Schedule A' filed with the Hudson County Land Records during assignment of the original mortgage and note by TMS.

117.    Defendants have stated adverse claims against Plaintiffs title therefore, given the possibility of dispute regarding ownership, fraudulent conveyance, unrecorded interests, boundary disagreements or title defects thereof, Plaintiff requests a quiet of the title.

## Defendant(s) No. 24-27

118.    On or around September 30, 2021 a tax sale certificate assignment was made on the subject property, recorded on December 07, 2021 with the Hudson County Register in Book No. 1270, Page No. 173 under instrument number 20211207020024890. The tax sale certificate was assigned from "US Bank Cust for PC7 Firstrust Bank" (First Party) within original Book No. 19331, Page No. 1033 to "PC7, LLC" within Book No. 1270, Page No. 173. The parties are a

UNKNOWN third-party to Plaintiff, even though Defendant TMS, had a responsibility as the mortgagor to ensure redemption of any adverse claims, liens or disputes regarding ownership.

119.    On or around October 27, 2022, a tax sale certificate was assigned on the subject property, recorded on January 31, 2023 with the Hudson County Register in Book No. 20400, Page No. 144 under instrument number 20230131060007450 by Treystone Capital Assets, LLC a UNKNOWN third-party to Plaintiff, even though Defendant TMS, had a responsibility as the mortgagor to ensure redemption of any adverse claims, liens or disputes regarding ownership.

120.    On September 21, 2023, the subject property, was unreasonably, unlawfully and unconstitutionally sold at auction to an unknown JOHN DOE, JANE DOE and/or ABC CORP., third-party purchaser, allegedly, for a value of $650,000.00. This further violated the Plaintiff's federal civil rights to Due Process, Equal Protection, and Unreasonable Seizure of Personal Property protected by the U.S. Constitution.

121.    On September 22, 2023 the Hudson County Sheriff's Business Office Foreclosure & Civil Process Department (referred to herein as "HCSD") contacted Plaintiff with a Redemption Statement of the subject property stating a payoff amount of $599,082.74.

122.    On or around October 03, 2023 an UNKNOWN third-party claiming to be the "new owner" and stated "being the purchaser at the auction" approached Plaintiff at the subject property requesting "to make a deal" for Plaintiff, Norman D. Cox Jr. to vacate the property which was immediately declined.

123.    Defendants have caused emotional distress to Plaintiff and stated adverse claims against Plaintiffs title therefore, given the possibility of dispute regarding ownership, fraudulent conveyance, unrecorded interests or title defects thereof, Plaintiff requests a quiet of the title.

124.    ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL, EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPAINT ADVERSE TO PLAINTIFF'S TITLE THERETO; inclusive,

OCTOBER 03 , 2023

Norman D. Cox Jr.

**IV.     Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  (see attachment 8)

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

(see attachment 9)

- 4 -

**UNITED STATES DISTRICT COURT**                    (attachment 8)
**DISTRICT OF NEW JERSEY**

IV.   **Injuries**:

     Deprivation of U.S. Constitutional Rights Protections
     Financial Harm
     Monetary Loss
     Property Value Loss
     Cost of Repairs
     Property Physical and Environmental Damage
     Unreasonable Seizure and Loss of Property and Primary Home
     Displacement
     Irreparable Injury
     Harm to the Public Interest and Public Policy
     Judicial Bias and Prejudice
     Discrimination of U.S. Civil Constitutional Rights
     Unlawful Foreclosure
     Malfeasance in Office by a Judicial Official
     Tort Claims
     Slander and Libel to Title and Plaintiff's Fee Simple Property Ownership
     Legal Fees and Costs
     Loss of Investment and Opportunities
     Damaged Credit
     Unfulfilled Expectations as a first time Homebuyer
     Loss of Faith in the Federal and State Legal System
     Emotional Distress
     Unjust Enrichment by Defendant(s)

**UNITED STATES DISTRICT COURT**                    (attachment 9)
**DISTRICT OF NEW JERSEY**

V.    **Relief:**

1. Preliminary Injunctive Relief: Plaintiff requests injunctive relief by way of a Stay of foreclosure proceedings by Defendant(s) pending Plaintiffs Verified Complaint filed with the District Court of New Jersey. Defendant(s) are prohibited and restricted from engaging in the actions that caused harm to Plaintiffs property rights and constitutional rights.

2. Loan Rescission: Plaintiff requests rescission of the original loan and mortgage for equity damages due to fraud prior to the mortgage contract, lack of standing and expiration of the statute of limitations for Defendant(s) to foreclose in the State of New Jersey.

3. Quiet Title: Plaintiff requests a fee simple ownership title clear of all clouds to title by Defendant(s), known and unknown.

4. Punitive Damages: Plaintiff requests punitive damages for Defendant(s) reprehensible misconduct causing harm and injury through fraud, concealment, misrepresentation, slander and libel to title, breach of contract and fiduciary duty owed.

5. Compensatory Damages: Plaintiff requests compensatory damages due to Defendant(s) misconduct through negligence and inducement.

6. Actual and Statutory Damages: Plaintiff requests actual and statutory damages due to Defendant(s) breach of contract and breach of fiduciary duty causing tort claims.

7. Specific Performance: Plaintiff requests remedy to compel Defendant(s) to fulfill its contractual obligations when monetary damages alone would not adequately compensate the injured Plaintiff.

8. Equitable Estoppel: Plaintiff requests equity jurisprudence to prevent the Defendant(s) from asserting rights that are adverse or contrary to its conduct to hold Defendant(s) accountable.

9. Wherefore, Plaintiff requests judgment against Defendant(s) for damages, together with attorney's fees, if applicable cost of suit any further relief that this honorable court may deem fair and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _03_ day of _October_____, 20_23_.


Signature of Plaintiff ___Norman B. Cox Jr.___

Mailing Address  212 78th STREET

NORTH BERGEN, NJ 07047

HUDSON COUNTY

Telephone Number  (831) 233 - 2226

Fax Number *(if you have one)* _____

E-mail Address  NDCOXJR@GMAIL.COM


Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.


Signature of Plaintiff: ___Norman B. Cox Jr.___