**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| NORMAN D. COX, JR., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | **Civil Action No. 23-20880 (JXN) (AME)** |
| | : | |
| v. | : | |
| | : | **OPINION** |
| THE MONEY SOURCE, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**NEALS**, District Judge:

      This matter comes before the Court on *pro se* plaintiff Norman D. Cox, Jr.'s ("Plaintiff's") unopposed motion to remove and remand (ECF No. 20) (the "Remand Motion"); and defendant Coldwell Banker Real Estate, LLC ("Coldwell Bank"), Ryan Knab, and Ingrid Cassidy's (collectively, the "Coldwell Banker Defendants'") motion to dismiss Plaintiff's first amended complaint (ECF No. 18) (the "Amended Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 28). Nine other defendants ("Defendants") also filed motions to dismiss. (ECF Nos. 36-37, 46, 48-49, 62, 70, 72, 75). The Court has carefully considered Defendants' submission and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

      For the reasons set forth below, Plaintiff's Remand Motion (ECF No. 20) is **DENIED**; the Coldwell Banker Defendants' motion to dismiss (ECF No. 28) is **GRANTED**; and the Amended Complaint (ECF No. 18) is **DISMISSED without prejudice**. Plaintiff has 30 days to file a motion for leave to amend. If Plaintiff fails to do so, dismissal may be converted to **with prejudice**. Defendants' motions to dismiss (ECF Nos. 36-37, 46, 48-49, 62, 70, 72, 75) are **DENIED** as moot.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

On December 18, 2023, Plaintiff filed the Amended Complaint alleging numerous causes of action against twenty-six defendants.  (Am. Compl. at 2, 5-6, 8-11).[1]  The basis of Plaintiff's claims appear to "stem[] from a November 26, 2014 purchase and sale contract" of a residential property, and Defendant The Money Source, Inc.'s ("Money Source's") subsequent "foreclosure action" against Plaintiff in New Jersey Superior Court.  (*Id.* ¶¶ 12, 18).

On December 15, 2023, Plaintiff filed the Remand Motion.  Between December 26, 2023 and May 15, 2024, the Coldwell Banker Defendants and Defendants filed motions to dismiss, which Plaintiff opposed.  (*See* ECF Nos. 39-41, 53, 57-58, 67, 73-74).  Certain Defendants replied. (ECF Nos. 42, 59, 63).  This matter is now ripe for consideration.

II.      **LEGAL STANDARD**

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion, the "facts alleged must be taken as true" and dismissal is not appropriate where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."  *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted).  A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III.      **DISCUSSION**

A.      **Plaintiff's Remand Motion**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending."  28 U.S.C. § 1441(a).

---

[1]  The Court refers to the ECF page numbers in this Opinion.

"Plaintiffs may then challenge the removal by filing a motion to remand." *Med. Assocs. of Erie v. Zaycosky*, 77 F.4th 159, 162 (3d Cir. 2023) (citing 28 U.S.C. § 1447(c)). "Plaintiffs may move for remand at any time if the district court lacks subject matter jurisdiction. . . . ." *Id.* at 162 (citation omitted). Here, the Remand Motion is denied for the following reasons.

First, Plaintiff seeks "removal of the civil action in the state court to this venue" (*see* Remand Mot. at 43), but Plaintiff initiated this action in the District Court. (*see* ECF No. 1). Thus, there is no state matter to be removed to this Court. Second, Plaintiff may not seek removal because this remedy is reserved for defendants. 28 U.S.C. § 1441(a). Third, Plaintiff concedes this Court has subject matter jurisdiction. (Remand Mot. at 43). *See Hansen Foundation, Inc. v. City of Atlantic City*, 504 F. Supp. 3d 327, 343 (D.N.J. 2020). Thus, the Remand Motion is denied.

### B.        The Coldwell Banker Defendants' Motion to Dismiss

Federal Rule of Civil Procedure 8 requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide defendants with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations and ellipses omitted). Specifically, Rule 8(a)(1)-(3) requires Plaintiff to set forth claims for relief that include "a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]" Rule 8(d)(1) calls for each allegation in the Complaint to be "simple, concise, and direct[,]" and Rule 10(b) requires claims to be presented "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Here, the Amended Complaint violates the preceding Rules.

First, the Amended Complaint names the United States Department of Housing and Urban Development and United States Federal Housing Administration as Plaintiffs. (Am. Compl. at 2,

8).  Neither entity has entered a notice of appearance and Plaintiff is appearing *pro se*.  Thus, the entities were apparently improperly named.

Second, Plaintiff alleges a litany of causes of action, injuries, and allegations for Coldwell Banker Defendants to comb through to determine which, if any, apply to them.  (*Id.* at 5-6, 54).  In their motion, the Coldwell Banker Defendants argue that "[d]espite reviewing the [Amended] Complaint carefully," they "cannot readily discern what they allegedly did wrong."  (ECF No. 28-3 at 7).  The Court agrees.  The allegations are difficult to follow and are not "simple, concise, and direct[.]"  Further, the Amended Complaint fails to provide a "short and plain statement of the claim showing" Plaintiff "is entitled to relief. . . ."  *Bell Atl. Corp.*, 550 at 555.  In other words, the pleading does not put the Coldwell Banker Defendants on notice of the claims against them.

Third, the Court agrees that it is "unclear whether" the Amended Complaint "sets forth a cognizable cause of against <u>any</u> of the defendants in this case," including the Coldwell Banker Defendants.  (ECF No. 28-3 at 9-10).  Plaintiff alleges that he "engaged with" Ingrid Cassidy and Ryan Knab, supposed employees of Coldwell Bank, to "broker [a] real estate transaction for the purchase" of Plaintiff's residence, who connected him with other individuals to finalize the sale.  (Am. Compl. ¶¶ 20-21, 23-24, 28, 30, 192).  This does not allege what, if anything, the Coldwell Banker Defendants did wrong.

Fourth, the Amended Complaint is limited to bald assertions and conclusory allegations.  (*See, gen.,* ECF No. 40).  For example, Plaintiff alleges that:

> All of the parties mentioned above had an ongoing fiduciary duty of care, of good faith, of loyalty, honesty and fair dealing, of disclosure, and of competence owed to the Plaintiff to fulfill the requirements of the FHA 203(k) rehabilitation loan product and act in Plaintiffs' (Borrower) best interest to avoid any actions that could cause him harm or injury.

> All of the parties mentioned above, in their professional capacity knew or should have known of the condition of the property and so their misconduct bespeaks negligence due to plaintiff being defrauded.
>
> The Parties all provided an overly positive assessment of the property's condition to induce and influence plaintiff into proceeding with the closing of the transaction, even though that was not accurate, and promised benefits that were not delivered.

(Am. Compl. ¶¶ 46-48).

These allegations, as well as most facts alleged in the Amended Complaint are conclusory and do not merit an assumption of truth to survive the motion to dismiss. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010).

Fifth, and finally, the Amended Complaint's deficiencies are not limited to the Coldwell Banker Defendants. Indeed, the Court agrees with Defendants John Grillo d/b/a Montgomery Appraisers, LLC, and Ezequiel Gonzalez d/b/a RE/MAX Villa Realtors that "[i]t is impossible to decipher between the claims, what allegations are being made, and to which defendants to attribute the alleged wrongdoings – if any." (ECF No. 36-1 at 13). Accordingly, the Amended Complaint is dismissed without prejudice.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Remand Motion (ECF No. 20) is **DENIED**, and the Coldwell Banker Defendants' motion to dismiss (ECF No. 28) is **GRANTED**. Defendants' motions to dismiss (ECF Nos. 36-37, 46, 48-49, 62, 70, 72, 75) are **DENIED** as moot. An appropriate Order accompanies this Opinion.

s/ Julien Xavier Neals

DATED: 8/7/2024         **JULIEN XAVIER NEALS**
United States District Judge