UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMAN D. COX, JR., | Civil Action No. 23-20880-JXN-AME |
| Plaintiff, | OPINION and ORDER |
| v. | |
| THE MONEY SOURCE, INC., et al., | |
| Defendants. | |

**ESPINOSA, U.S.M.J.**

This matter is before the Court on the motion by pro se Plaintiff Norman D. Cox, Jr. ("Plaintiff") for leave to file a Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a)(2) [D.E. 93]. Certain of the defendants—Joseph P. Leto, John Grillo, Ezequiel Gonzalez, Ryan Knab, Ingrid Cassidy, A Absolute Escrow Settlement Company, Inc., The Money Source, Inc., Mladen Lakic, and Michael Aspras (the "Opposing Defendants")—oppose the motion [D.E. 94-100]. For the following reasons, the motion is denied.

**I.      BACKGROUND**

This action arises from Plaintiff's November 2014 purchase of a residential property located at 212 78th Street in North Bergen, New Jersey, the related financing and mortgage transaction involving a Fair Housing Act rehabilitation loan, and a subsequent foreclosure proceeding brought in the Superior Court of New Jersey. *See, generally*, Am. Compl. (D.E. 18); proposed SAC (D.E. 93-1). The foreclosure action resulted in a sheriff's sale of the property in or about September 2023 and Plaintiff's eviction in January 2024. *See* proposed SAC ¶¶ 41, 44. Plaintiff filed his original Complaint in this action on October 6, 2023, and on December 18, 2023, he filed the previously operative Amended Complaint, asserting federal and state claims

1

against over two dozen persons and entities allegedly involved in the purchase and loan transactions and/or the foreclosure action.

On August 7, 2024, the District Court dismissed the Amended Complaint for failure to meet the pleading standard of Federal Rule of Civil Procedure 8. The Court held the Amended Complaint suffered from fundamental defects running afoul of Rule 8(a)'s requirement that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 8(d)'s requirement that the complaint's allegations be "simple, concise, and direct." *See* Aug. 7 Opinion at 3-5 (D.E. 79). Pared to their essence, the defects discussed in the Court's Opinion were twofold. First, the Amended Complaint failed to put Defendants on notice of which of the many alleged facts and claims applied to them individually. Although the Amended Complaint contained over two hundred numbered paragraphs setting forth "a litany of causes of action, injuries, and [factual] allegations," it did not specify what alleged misconduct was attributed to which of the defendants, making it impossible for each Defendant to discern the claims pled against that party. *Id.* at 4. Second, the Amended Complaint failed to allege facts that, taken as true, would show the Defendants engaged in wrongdoing. Rather, the Amended Complaint contained at best conclusory statements that did not merit an assumption of truth and thus failed to plausibly establish liability for the asserted claims, as required to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 4-5.

The Amended Complaint was dismissed without prejudice and with an opportunity to cure the pleading deficiencies. The District Court instructed Plaintiff to proceed by way of motion for leave to amend, to be filed within thirty days of the August 7 Order, thus tasking Plaintiff with submitting a proposed SAC for the Court's review and with demonstrating how the

SAC cured the previous pleading's deficiencies. Upon Plaintiff's request, the motion filing deadline was thereafter extended.

On January 27, 2025, Plaintiff filed this motion for leave to amend under Rule 15(a).

## II. DISCUSSION

Rule 15(a)(2) provides that leave to amend a complaint should be "freely given." However, courts retain discretion to deny leave for various reasons, including "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility, in this context, means the proposed amendment would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."); *see also In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (holding same). The standard of review applicable to a Rule 12(b)(6) motion requires the Court to evaluate whether a complaint sets forth sufficient factual allegations, which, taken as true, plausibly establish the elements of a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding a legally sufficient complaint must contain factual allegations, accepted as true, stating a plausible claim for relief).

Here, Plaintiff seeks leave to file the proposed SAC, attached to his motion, maintaining it not only corrects the pleading deficiencies as to the previously asserted claims but also properly adds new allegations and defendants, which Plaintiff asserts are based on new evidence he obtained after filing his original Complaint. *See* Mot. at 2. As to the new claims, Plaintiff states he now wishes to challenge the sheriff's sale of the property as invalid and conducted in bad faith, due to "fraud and misconduct by defendants that tainted the sale process." *Id.* at 3. He

further states the proposed SAC expands his claims to allege that, by proceeding with the sheriff's sale and subsequent eviction, Defendants violated his "status quo" rights, in view of this ongoing federal action and his pending appeals of the foreclosure order. *Id.* at 3-4. Based on these new allegations, Plaintiff wishes to assert claims for violation of his constitutional rights to due process and equal protection and guarantee against unlawful seizure. *Id.* at 4-5.

In their seven separate but overlapping briefs in opposition to Plaintiff's motion, the Opposing Defendants argue that leave to file the SAC should be denied on grounds of futility, contending that, in large part, the proposed SAC continues to allege collective wrongdoing by all Defendants as a whole, without plainly identifying what alleged misconduct is attributed to which Defendant(s). The Opposing Defendants maintain the SAC fails to provide adequate notice of the claims asserted against them and thus fails to cure the Amended Complaint's defects, as identified by the District Court in its August 7 Opinion. Moreover, insofar as certain allegations in the SAC do identify a particular Defendant by name and attribute a certain act or failure to act to that party, the corresponding Opposing Defendant argues that the allegations are conclusory and fail to state a plausible claim for relief, thus rendering amendment futile.

Having reviewed the District Court's August 7 Opinion and Order and carefully considered Plaintiff's motion and all opposition thereto, this Court concludes that leave to amend must be denied for futility of amendment.

The proposed SAC fails to cure the deficiencies resulting in the District Court's dismissal of the Amended Complaint under Rule 12(b)(6). Notably, Plaintiff continues to engage in impermissible group pleading, treating the twenty-six named Defendants as a monolith, regardless of their various alleged roles in the underlying purchase transaction, events surrounding the foreclosure proceedings, and other incidents involving the property. Such

excessive grouping of defendants in a complaint's allegations renders the allegations unclear and fails to provide fair notice of the claims and grounds therefor, as required by Rule 8. *See Cheng v. Byrd*, No. 24-5345, 2024 WL 3873945, at *2 (D.N.J. Aug. 20, 2024) (dismissing a complaint for improper group pleading under Rule 8, reasoning that "[a] plaintiff cannot refer to all defendants, who occupied different positions and presumably had distinct roles in the alleged misconduct without specifying which defendants engaged in what wrongful conduct.") (internal quotations omitted).

Based on the proposed SAC's identification of the parties, the many named Defendants' alleged involvement in the events underlying this action is as varied as mortgage lender, realtor, appraiser, loan rehabilitation consultant, owners of neighboring properties, and various individuals and entities involved in the foreclosure proceedings, among others too numerous to identify for purposes of this motion. Yet, with certain exceptions to be addressed below, the proposed SAC makes statements about the alleged actions of "Defendants" collectively. For example, it alleges: "Defendants failed to disclose pre-existing fire damage to the property before the sale, engaging in fraud, concealment, induce by duress and misrepresentation;" "Defendants misrepresented the property's condition in multiple appraisals conducted between 2017 and 2023;" "Defendants engaged in predatory lending practices and discriminatory actions against Plaintiff, an African American first-time homebuyer in a predominantly white community, in violation of the Fair Housing Act;" and "Defendants deprived Plaintiff of his property without due process by executing an illegal foreclosure action." Proposed SAC ¶¶ 35, 36, 38, 50.

This approach to pleading fails to provide adequate notice to any given Defendant about the claim asserted against that party and the grounds on which the claim is based, as minimally required by Rule 8(a). A valid complaint cannot rest upon "conclusory allegations against

defendants as a group" but rather must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). Similarly, in rejecting such group pleading as "underm[ing] the notice pleading regime of Rule 8," another Court in this District reasoned: "Alleging that 'Defendants' undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when. Such speculation is anathema to contemporary pleading standards." *Japhet v. Francis E. Parker Memorial Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014).

Throughout the proposed SAC, Plaintiff alleges wrongdoing by "Defendants" without identification or differentiation among them. The SAC, moreover, contains eight causes of action, ranging from claims under 42 U.S.C. § 1983 and the Fair Housing Act to common law claims for breach of contract and fraud, but there is no clear indication about which alleged misconduct corresponds to which claim. In so attempting to plead for relief, the proposed SAC unfairly requires guesswork by the parties and the Court as to which allegations and claims apply to which Defendants. The allegations are not "simple, concise, and direct." Fed. R. Civ. P. 8(d). "[H]aphazard references to Defendants that are disconnected from any specific cause of action make it impossible to give Defendants "fair notice" of the claims asserted and the grounds upon which those claims rest." *Cowe v. All-time Auto Body*, No. 24-9803, 2025 WL 20010, at *2 (D.N.J. Jan. 2, 2025) (dismissing complaint for failure to comply with Rule 8's notice requirements).

Many of the Defendants are mentioned only once or twice in the proposed SAC, without a single factual allegation linking the Defendant to any claim or stating, plainly, what the Defendant did, if assumed to be true, that would show the Defendant is liable for the misconduct

alleged. For example, the SAC alleges Defendant Leto is "the appraiser employed by Defendant The Money Source Inc. … to conduct an appraisal of the subject property during the foreclosure process" but is entirely silent on what his allegedly unlawful conduct was and how it supports the various claims for Fair Housing Act violations, fraud, and breach of contract, among others. *See* proposed SAC ¶ 20. The proposed pleading suffers from the same paucity of information as to others. Again, by way of example, and without limitation, Defendants Gonzalez, Grillo, and Lakic are merely identified, respectively, as the property seller's broker, another appraiser, and the FHA loan general contractor. *Id.* ¶¶ 13, 17, 22. However, Plaintiff fails to allege what they did or did not do, and how such misconduct gives rise to any of the many causes of action he asserts. It is well-established that such a dearth of factual content cannot and does not suffice to establish a viable claim, that is, one that could withstand a motion to dismiss. See *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) ("without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests").

Even if— improperly—Defendants could be expected to surmise which allegations and claims applied to them, the inference to be drawn from the proposed SAC's group pleading approach would certainly fail the plausibility threshold required to withstand a motion to dismiss. *See Iqbal*, 556 U.S.at 678 (2009) (holding that a legally sufficient claim must have "facial plausibility," meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The implication that all Defendants, no matter their varied alleged connection to the underlying property purchase, mortgage loan, and/or foreclosure proceeding, purportedly acted or failed to act in a certain manner is not only implausible but, indeed, impossible.

In the few instances in which the proposed SAC links an identifiable Defendant to a particular claim, the allegations fail to set forth factual content and instead rely on mere conclusory statements. Plaintiff alleges Defendant Aspras "trespassed on Plaintiff's property multiple times in 2022" and "through associates in local government, issued improper fines and liens against the property." Proposed SAC ¶¶ 45-46. He further alleges Defendants Pozo and Falcon "made adverse claims to portions of Plaintiff's property, violating his ownership rights." *Id.* ¶ 47. Under Rule 8(a), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original); *see also Iqbal*, 556 U.S. at 678 (holding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Plaintiff also states Defendant The Money Source filed a foreclosure complaint "despite significant discrepancies in property valuation and compliance failures by the lender" and that such foreclosure action was initiated "without proper notice and proceeded despite the expiration of the statute of limitations." Proposed SAC ¶¶ 39-40. The proposed SAC does not make clear which cause of action these allegations are intended to support. However, insofar as they might be construed as pled in connection with Plaintiff's claim under Section 1983 based on a due process violation, the claim would be futile. Plaintiff alleges "Defendants deprived [him] of his property without due process by executing an illegal foreclosure and eviction," suggesting the claim may apply, in part, to The Money Source, but his assertion that the foreclosure was "illegal" is merely conclusory and thus insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678-79. Moreover, it is well-established that a Section 1983 claim can generally be brought only against a state actor. *See West v. Atkins*, 487 U.S. 42, 49 (1988) (defining Section

8

1983's requirement that the alleged wrongdoer have acted "under color of state law"); *see also Adickes v. S.H. Kress Co.*, 398 U.S. 144, 152 (1970) (holding that joint participation by a private actor with the state may be sufficient to characterize the private party as a state actor). There is no indication, based on the factual allegations in the proposed SAC, that The Money Source was a state actor, or through some conspiracy, acted under color of state law.

Thus, this Court concludes the proposed SAC would not withstand a Rule 12(b)(6) motion to dismiss and, as such, amendment would be futile. Accordingly, in its discretion, the Court finds that leave to further amend would not serve the interest of justice and is therefore not warranted under Rule 15(a).

**III.  CONCLUSION**

For the foregoing reasons,

**IT IS** on this 9th day of June 2025,

**ORDERED** that Plaintiff's motion for leave to file a Second Amended Complaint [D.E. 93] is **DENIED**.

                                                   /s/ *André M. Espinosa*
                                                   ANDRÉ M. ESPINOSA
                                                   United States Magistrate Judge